UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW RYAN TROXEL,

      Plaintiff,

v.                                                    Case No:   2:16-cv-141-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #15) filed on June 17, 2016.  Plaintiff failed to file a response in opposition, and the time to do so has now expired.  The matter is ripe for review.

## **Background**

The facts of this action are very limited.  Plaintiff filed this action, "petitioning the [C]ourt to allow [his] Social Security disability case to be transferred from South Carolina (Walterboro) to Florida (Naples)."  (Doc. #16 at 1).  Plaintiff alleges that he had a disability hearing set for May/June 2015.  (Doc. #16 at 1).  But, because he was living in Florida and did not have the finances nor transportation necessary to travel to South Carolina, he missed the hearing.  (Doc. #16 at 1).  This resulted in the Administrative Law Judge ("ALJ") issuing "a denial of hearing," despite the fact that Plaintiff's father had explained

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

to the judge that Plaintiff would not be able to attend.  (Doc. #16 at 1).  After receiving the denial of hearing, Plaintiff's father "wrote the Social Security App[eals] Office explaining what had occurred with [Plaintiff's] case and why [Plaintiff] could not attend."  (Doc. #16 at 1).  Plaintiff's father also explained that Plaintiff requested to have any future hearings held in Florida.  (Doc. #16 at 1).  Despite these efforts, the Social Security Appeals Office sent Plaintiff a letter "advising they were denying [Plaintiff's] request of review of the [Administrative Law Judge's] decision of denial."  (Doc. #16 at 1).

## Discussion

Defendant moves to dismiss this action on the basis that Plaintiff has failed to exhaust his administrative remedies, and therefore the Court lacks subject matter jurisdiction.  In support, Defendant avers that neither the ALJ's dismissal of Plaintiff's request for a hearing, nor the Appeals Council's denial of Plaintiff's request for review, constitutes a "final decision."  This is problematic, Defendant explains, because the Court's review is limited to a final decision of the Commissioner made after a hearing.  The Court agrees.

Judicial review of Social Security decision is governed by 42 U.S.C. § 405.  That statute provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

§ 405(g).  To seek judicial review, a social security claimant must exhaust each step of the administrative review process, including "an initial determination, reconsideration, **a**

**hearing before an ALJ**, and review by the Appeals Council." *Anderson v. Comm'r, SSA,* 544 F. App'x 861, 862 (11th Cir. 2013) (emphasis added; citation omitted).

Here, it is clear that Plaintiff failed to exhaust each step of the administrative review process. While Plaintiff requested, and was granted, a hearing before an ALJ on his Social Security claim, Plaintiff failed to attend the hearing. Therefore, the ALJ never issued a decision that the Appeals Council could review. Absent such a decision and such review, the Court finds that there was not a final administrative decision, as required by § 405(g). Consequently, the Court lacks subject matter jurisdiction over this action. *See Anderson*, 544 F. App'x at 861-862 (holding that the district court correctly held that it lacked jurisdiction where an ALJ never held a hearing on the plaintiff's Social Security claim).

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #15) is **GRANTED**.
2. The Clerk is directed to terminate any pending motions or deadlines, enter judgment accordingly, and close this action.

**DONE** and **ORDERED** in Fort Myers, Florida, this 11th day of July, 2016.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record